RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

RIKA VALDMAN
DYLAN CERLING
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6056 (v) (Valdman)
202-616-3395 (v) (Cerling)
202-307-0054 (f)
Rika.Valdman@usdoj.gov
Dylan.c.cerling@usdoj.gov

JOSEPH HARRINGTON
Acting United States Attorney
Eastern District of Washington
*Of Counsel*

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BONNIE LYONS, individually and as distributee of the Estate of Robert C. Lyons; and ESTATE OF ROBERT C. LYONS <br><br> Defendants. | Case No. 2:17-cv-00361-SMJ <br><br> **UNITED STATES' FIRST AMENDED COMPLAINT** |

Plaintiff, the United States of America ("United States"), by and through its undersigned counsel, alleges the following:

## INTRODUCTION

1. This is a civil action brought by the United States to: (1) reduce to judgment the outstanding federal trust fund recovery penalty assessments against Bonnie Lyons; and (2) reduce to judgment the outstanding federal trust fund recovery penalty assessments against the Estate of Robert C. Lyons.

## JURISDICTION AND VENUE

2. This action is being commenced pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

4. Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. §§ 1391 and 1396 because Bonnie Lyons resides within this judicial district, and because the tax liabilities giving rise to the federal tax assessments at issue accrued within this judicial district.

## IDENTIFICATION OF DEFENDANTS

5. Bonnie Lyons is made a party to this action because she resides within this judicial district, and because she has unpaid federal tax liabilities. Bonnie Lyons is also named as a party to this action because she is Robert C. Lyons' surviving spouse, and distributee of his Estate.

6. Upon information and belief, Robert C. Lyons died intestate on November 8, 2012. The Estate of Robert C. Lyons arose after Robert C. Lyons's death, on November 8, 2012, and remains in effect as to the United States. *See e.g.* 28 U.S.C. § 2404; *Sequoia Prop. & Equip. Ltd. P'ship v. United States of America*, No. CV-F-97-5044-LJO, 2002 WL 32388132, at *3 (E.D. Cal. June 3, 2002); *Larson v. United States*, 340 F. Supp. 1197, 1199 (E.D. Wis. 1972).

## BACKGROUND

7. Bonnie Lyons and Robert C. Lyons previously operated a business, R&B Distribution, Inc. in Washington. R&B Distribution, Inc. operated during the tax periods ending December 31, 2003; June 30, 2004; September 30, 2004; December 31, 2005; June 30, 2005; September 30, 2005; December 31, 2005; June 30, 2006; and September 30, 2006 ("tax periods at issue").

8. The employment tax liabilities for R&B Distribution, Inc. for the tax periods at issue were not paid.

9.  Bonnie Lyons was the Secretary/Treasurer of R&B Distribution, Inc. during the tax periods at issue. Upon information and belief, in her role as Secretary/ Treasurer of R&B Distribution, Inc., Bonnie Lyons prepared and signed tax returns, directed and authorized the payment of bills, signed and counter-signed checks, had the authority to authorize or sign payroll checks, to open and close business bank accounts, to guarantee and co-sign loans, and to authorize or make Federal tax deposits.

10. Robert C. Lyons was the President of R&B Distribution, Inc. during the tax periods at issue. Upon information and belief, in his role as President of R&B Distribution, Inc., Robert Lyons determined the financial policy of the business, prepared and signed tax returns, directed and authorized the payment of bills, signed and counter-signed checks, had the authority to authorize or sign payroll checks, to open and close business bank accounts, to guarantee and co-sign loans, and to authorize or make Federal tax deposits.

11. R&B Distribution, Inc. became inactive on January 2, 2007.

**TRUST FUND RECOVERY PENALTY ASSESSMENTS AGAINST BONNIE LYONS**

12. On the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Bonnie Lyons for trust fund recovery penalties ("TFRP") pursuant to 26

U.S.C. § 6672, as well as interest, and other assessments as follows:

| Tax Period | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of October 16, 2017* |
|---|---|---|---|---|
| 12/31/2003 | 03/05/2007 | TFRP | $48,730.68 | |
| | 06/04/2007 | Fees/ Collection Costs | $218.56 | |
| | 11/04/2013 | Interest | $17,028.48 | |
| | 11/03/2014 | Interest | $1,997.58 | |
| | 11/09/2015 | Interest | $2,083.50 | |
| | 11/07/2016 | Interest | $2,520.69 | |
| | 04/17/2017 | Fees/ Collection Costs | $438.00 | |
| | 08/21/2017 | Fees/ Collection Costs | $148.00 | $74,847.15 |
| 06/30/2004 | 03/05/2007 | TFRP | $39,785.22 | |
| | 11/04/2013 | Interest | $13,850.46 | |
| | 11/03/2014 | Interest | $1,628.84 | |
| | 11/09/2015 | Interest | $1,711.08 | |
| | 11/07/2016 | Interest | $2,081.64 | $61,318.27 |
| 09/30/2004 | 03/05/2007 | TFRP | $33,600.78 | |
| | 11/04/2013 | Interest | $11,697.46 | |
| | 11/03/2014 | Interest | $1,375.64 | |
| | 11/09/2015 | Interest | $1,445.10 | |
| | 11/07/2016 | Interest | $1,758.08 | $51,786.63 |
| 03/31/2005 | 03/05/2007 | TFRP | $35,036.92 | |
| | 11/04/2013 | Interest | $12,197.44 | |
| | 11/03/2014 | Interest | $1,434.44 | |
| | 11/09/2015 | Interest | $1,506.86 | |
| | 11/07/2016 | Interest | $1,833.22 | $54,000.07 |
| 06/30/2005 | 03/05/2007 | TFRP | $35,429.28 | |
| | 11/04/2013 | Interest | $12,334.02 | |
| | 11/03/2014 | Interest | $1,450.50 | |
| | 11/09/2015 | Interest | $1,523.73 | |
| | 11/07/2016 | Interest | $1,853.75 | $54,604.76 |

| | | | | |
|---|---|---|---|---|
| 09/30/2005 | 03/05/2007 | TFRP | $36,417.51 | |
| | 11/04/2013 | Interest | $12,678.05 | |
| | 11/03/2014 | Interest | $1,490.96 | |
| | 11/09/2015 | Interest | $1,566.24 | |
| | 11/07/2016 | Interest | $1,905.46 | $56,127.87 |
| 12/31/2005 | 03/05/2007 | TFRP | $43,685.76 | |
| | 11/04/2013 | Interest | $15,208.34 | |
| | 11/03/2014 | Interest | $1,788.53 | |
| | 11/09/2015 | Interest | $1,878.83 | |
| | 11/07/2016 | Interest | $2,285.72 | $67,329.89 |
| 06/30/2006 | 08/13/2007 | TFRP | $21,829.74 | |
| | 11/12/2007 | Fees/ Collection Costs | $266.56 | |
| | 11/04/2013 | Interest | $6,570.88 | |
| | 11/03/2014 | Interest | $817.43 | |
| | 11/09/2015 | Interest | $858.71 | |
| | 11/07/2016 | Interest | $1,044.67 | |
| | 07/10/2017 | Fees/ Collection Costs | $342.00 | $31,118.39 |
| 09/30/2006 | 08/13/2007 | TFRP | $6,737.16 | |
| | 11/04/2013 | Interest | $2,030.54 | |
| | 11/03/2014 | Interest | $266.26 | |
| | 11/09/2015 | Interest | $279.71 | |
| | 11/07/2016 | Interest | $340.28 | $10,023.56 |
| | | | **TOTAL:** | $461,156.59 |

\* As of October 16, 2017, and including accrued but unassessed interest as of this date.

### TRUST FUND RECOVERY PENALTY ASSESSMENTS AGAINST ROBERT C. LYONS

13.   On the dates, in the amounts, and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Robert C. Lyons for TFRP pursuant to 26 U.S.C. § 6672, as well as other

assessments as follows:

| Tax Period | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance as of October 23, 2017* |
|---|---|---|---|---|
| 12/31/2003 | 03/05/2007<br>06/04/2007 | TFRP<br>Fees/ Collection Costs | $48,730.68<br>$218.56 | $74,308.40 |
| 06/30/2004 | 03/05/2007 | TFRP | $39,785.22 | $61,365.33 |
| 09/30/2004 | 03/05/2007 | TFRP | $33,600.78 | $51,826.37 |
| 03/31/2005 | 03/05/2007 | TFRP | $35,036.92 | $54,041.51 |
| 06/30/2005 | 03/12/2007<br>11/26/2007 | TFRP<br>Fees/ Collection Costs | $35,429.28<br>$186.56 | $54,834.32 |
| 09/30/2005 | 03/05/2007 | TFRP | $36,417.51 | $56,170.94 |
| 12/31/2005 | 03/05/2007 | TFRP | $43,685.76 | $67,381.56 |
| 06/30/2006 | 08/13/2007 | TFRP | $21,829.74 | $30,407.28 |
| 09/30/2006 | 08/13/2007 | TFRP | $6,737.16 | $10,031.25 |
| | | | **TOTAL:** | $460,366.96 |

* As of October 23, 2017, and including accrued but unassessed interest as of this date.

## THE STATUTE OF LIMITATIONS HAS NOT EXPIRED

14.    The ten-year statute of limitations for the tax periods at issue has not expired. *See* 26 U.S.C. § 6502(a)(1). Rather, the statute of limitations has been tolled because Robert C. Lyons and Bonnie Lyons filed two Offers in Compromise with the IRS.

U.S. First Amended Complaint
Case No. 2:17-cv-00361-SMJ            7

15. The first Offer in Compromise was received for processing by the IRS on December 16, 2011 ("First OIC"), and included the TFRP liabilities for the tax periods at issue. The First OIC was signed by Robert C. Lyons and Bonnie Lyons. However, the IRS treated the First OIC as Robert C. Lyons' Offer in Compromise. The IRS rejected the First OIC on November 2, 2012.

16. As a result of the rejection of the First OIC, the statute of limitations for the assessments against Robert C. Lyons for the tax periods at issue was tolled by at least 352 days (that is, 322 days plus the required addition of 30 days per 26 U.S.C. § 6331(k)) as follows:

| Tax period | Assessment Date | Original Statute of Limitations Pursuant to 26 U.S.C. § 6502(a)(1) | Statute of Limitations Pursuant to Tolling |
|---|---|---|---|
| 12/31/2003 | 03/05/2007 | 03/05/2017 | 02/20/2018 |
| 06/30/2004 | 03/05/2007 | 03/05/2017 | 02/20/2018 |
| 09/30/2004 | 03/05/2007 | 03/05/2017 | 02/20/2018 |
| 03/31/2005 | 03/05/2007 | 03/05/2017 | 02/20/2018 |
| 06/30/2005 | 03/12/2007 | 03/12/2017 | 02/27/2018 |
| 09/30/2005 | 03/05/2007 | 03/05/2017 | 02/20/2018 |
| 12/31/2005 | 03/05/2007 | 03/05/2017 | 02/20/2018 |
| 06/30/2006 | 08/13/2007 | 08/13/2017 | 07/31/2018 |

| | | | |
|---|---|---|---|
| 09/30/2006 | 08/13/2007 | 08/13/2017 | 07/31/2018 |

17.     The second Offer in Compromise was received for processing by the IRS on April 13, 2012 ("Second OIC"), and included the TFRP liabilities for the tax periods at issue. The Second OIC was signed by Robert C. Lyons and Bonnie Lyons. However, the IRS treated the Second OIC as Bonnie Lyons' Offer in Compromise.  The IRS rejected the Second OIC on November 2, 2012.

18.     As a result of the rejection of the Second OIC, the statute of limitations for the assessments against Bonnie Lyons for the tax periods at issue was tolled by at least 233 days (that is, 203 days plus the required addition of 30 days per 26 U.S.C. § 6331(k)) as follows:

| Tax period | Assessment Date | Original Statute of Limitations Pursuant to 26 U.S.C. § 6502(a)(1) | Statute of Limitations Pursuant to Tolling |
|---|---|---|---|
| 12/31/2003 | 03/05/2007 | 03/05/2017 | 10/24/2017 |
| 06/30/2004 | 03/05/2007 | 03/05/2017 | 10/24/2017 |
| 09/30/2004 | 03/05/2007 | 03/05/2017 | 10/24/2017 |
| 03/31/2005 | 03/05/2007 | 03/05/2017 | 10/24/2017 |
| 06/30/2005 | 03/05/2007 | 03/05/2017 | 10/24/2017 |
| 09/30/2005 | 03/05/2007 | 03/05/2017 | 10/24/2017 |

| | | | |
|---|---|---|---|
| 12/31/2005 | 03/05/2007 | 03/05/2017 | 10/24/2017 |
| 06/30/2006 | 08/13/2007 | 08/13/2017 | 04/03/2018 |
| 09/30/2006 | 08/13/2007 | 08/13/2017 | 04/03/2018 |

## COUNT ONE: REDUCE FEDERAL TRUST FUND RECOVERY PENALTY ASSESSMENTS AGAINST BONNIE LYONS TO JUDGMENT

19. The United States incorporates and re-alleges as if fully stated herein each of the allegations in Paragraphs 1 through 18, above.

20. Bonnie Lyons was responsible for collecting, truthfully accounting for, and paying over to the United States the employment taxes that were withheld from the wages of R&B Distribution, Inc.'s employees during the tax periods at issue ("the Trust Fund Taxes").

21. Bonnie Lyons failed to collect, truthfully account for, and pay over the Trust Fund Taxes.

22. Bonnie Lyons's failure to collect, truthfully account for, and pay over the Trust Fund Taxes was willful. Upon information and belief, Bonnie Lyons was aware of R&B Distribution, Inc.'s unpaid employment tax liabilities for the tax periods at issue, but continued to pay other creditors of R&B Distribution, Inc.

23. Bonnie Lyons's willful failure to collect, truthfully account for, and pay over the Trust Fund Taxes rendered her liable for a penalty equal to the total amount of federal employment taxes not collected, accounted for, and paid over to

the United States.

24. The employment tax assessments against R&B Distribution, Inc. were based on employment tax returns filed by R&B Distribution, Inc.

25. As detailed in Paragraph 12, above, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Bonnie Lyons for trust fund recovery penalties, interest, and other assessments.

26. Since the date of assessments described in Paragraph 12, above, interest and other statutory additions have accrued and will continue to accrue as provided by law. As of October 16, 2017, Bonnie Lyons is indebted to the United States in the amount of $461,156.59.

27. Despite timely notice and demand for payment of the assessed sums described in Paragraph 12, above, Bonnie Lyons has refused, failed, or neglected to pay the assessed amounts to the United States.

28. Accordingly, the United States has established a claim against Bonnie Lyons in the amount of $461,156.59 for unpaid trust fund recovery penalties, plus interest and other statutory additions as provided by law from October 16, 2017.

29. Under 26 U.S.C. § 7402(a), the Court should adjudge that Bonnie Lyons is indebted to the United States in the amount set forth above in Paragraph 12, plus interest and other statutory additions accruing to the date of payment.

//

## COUNT II: REDUCE FEDERAL TRUST FUND PENALTY TAX ASSESSMENTS AGAINST THE ESTATE OF ROBERT C. LYONS TO JUDGMENT

30. The United States incorporates and re-alleges as if fully stated herein each of the allegations in Paragraphs 1 through 29, above.

31. Robert C. Lyons was responsible for collecting, truthfully accounting for, and paying over to the United States the employment taxes that were withheld from the wages of R&B Distribution, Inc.'s employees during the tax periods at issue.

32. Robert C. Lyons failed to collect, truthfully account for, and pay over the Trust Fund Taxes.

33. Robert C. Lyons's failure to collect, truthfully account for, and pay over the Trust Fund Taxes was willful. Upon information and belief, Robert C. Lyons was aware of R&B Distribution, Inc.'s unpaid employment tax liabilities for the tax periods at issue, but continued to pay other creditors of R&B Distribution, Inc.

34. Robert C. Lyons's willful failure to collect, truthfully account for, and pay over the Trust Fund Taxes rendered him liable for a penalty equal to the total amount of federal employment taxes not collected, accounted for, and paid over to the United States.

35. The employment tax assessments against R&B Distribution, Inc. were

based on employment tax returns filed by R&B Distribution, Inc.

36. As detailed in Paragraph 13, above, a duly authorized delegate of the Secretary of the Treasury made timely assessments against Robert C. Lyons for trust fund recovery penalties, and other assessments.

37. Since the date of assessments described in Paragraph 13, above, interest and other statutory additions have accrued and will continue to accrue as provided by law. As of October 23, 2017, Robert C. Lyons is indebted to the United States in the amount of $460,366.96.

38. Despite timely notice and demand for payment of the assessed sums described in Paragraph 13, above, Defendant Robert C. Lyons has refused, failed, or neglected to pay the assessed amounts to the United States.

39. Accordingly, the United States has established a claim against Robert C. Lyons in the amount of $460,366.96 for unpaid trust fund recovery penalties, plus interest and other statutory additions as provided by law from October 23, 2017.

40. Under 26 U.S.C. § 7402(a), the Court should adjudge that the Estate of Robert C. Lyons is indebted to the United States in the amount set forth above in Paragraph 13, plus interest and other statutory additions accruing to the date of payment.

//

WHEREFORE, the Plaintiff, the United States, prays as follows:

A. That this Court determine and adjudge that Bonnie Lyons is indebted to the United States for the assessments described in Paragraph 12, above, in the amount of $461,156.59, as of October 16, 2017, less any subsequent payments or credits, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against Bonnie Lyons and in favor of the United States;

B. That this Court determine and adjudge that the Estate of Robert C. Lyons is indebted to the United States for the assessments described in Paragraph 13, above, in the amount of $460,366.96, as of October 23, 2017, less any subsequent payments or credits, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against the Estate of Robert C. Lyons and in favor of the United States;

C. That the United States be granted its costs and fees herein, and such other and further relief as this Court deems just and proper.

Respectfully submitted November 15, 2018.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Rika Valdman*
RIKA VALDMAN
DYLAN CERLING

Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-514-6056 (v) (Valdman)
202-616-3395 (v) (Cerling)
202-307-0054 (f)
Rika.Valdman@usdoj.gov
Dylan.c.cerling@usdoj.gov

JOSEPH HARRINGTON
Acting United States Attorney
Eastern District of Washington
*Of Counsel*

*Attorneys for the United States of America*

# CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification to the following:

**Susan E. Hinkle**
susan.hinkle@co.chelan.wa.us
*Attorney for Chelan County, WA*

I further certify that on November 15, 2018, I caused the mailing of the foregoing documents by United States Postal Service to the following:

**Bonnie Lyons**
246 W. Manson Hwy. #125
Chelan, WA 98816

>*/s/ Rika Valdman*
>RIKA VALDMAN
>Trial Attorney
>Civil Trial Section, Western Region

U.S. First Amended Complaint
Case No. 2:17-cv-00361-SMJ                 16