FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 07, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BONNIE LYONS, individually and as distributee of the Estate of Robert C. Lyons; ESTATE OF ROBERT C. LYONS; and CHELAN COUNTY, WA,<br><br>Defendants. | No. 2:17-cv-00361-SMJ<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Before the Court, without oral argument, is the Government's Motion for Default Judgment Against the Estate of Robert C. Lyons, ECF No. 44. The Government moves for entry of a default judgment against the Estate of Robert C. Lyons (the "Estate"), against which the Government brought suit to secure a judgment for outstanding federal trust fund recovery assessments and to foreclose on tax liens against real property in Washington. *See* ECF Nos. 1, 44. The Estate failed to file an answer to the Complaint, and on motion of the Government, the Clerk's Office entered an Order of Default. *See* ECF Nos. 29, 32. The Government now moves for entry of default judgment.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT **-** 1

Entry of default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Where possible, cases should be resolved on their merits, and the entry of default judgment is an extreme measure reserved for unusual circumstances. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). In evaluating the propriety of default judgment, the Court is guided by seven non-exclusive factors:

> (1) [T]he possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court assumes the facts alleged in the complaint are true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Having reviewed the motion and the record in this matter in light of the *Eitel* factors, the Court is fully informed and finds that entry of default judgment is appropriate in this case.

First, the Court is persuaded that refusing to enter default judgment would prejudice the Government. *Eitel*, 782 F.2d at 1471–72. Prejudice results from denial of a default judgment where it would provide the only reasonable avenue for a plaintiff to recover. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Such is the case where, as here, the plaintiff could be

denied recovery "until such time as Defendant participates . . . in the litigation—which may never occur." *Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 358412, at *3 (W.D. Wash. Jan. 31, 2014) (quoting *United States v. Ordonez*, No. 1:10-cv-01921-LJO-SKO, 2011 WL 1807112, at *2 (E.D. Cal. May 11, 2001)).

Here, the Government brought suit against both the Estate and Bonnie Lyons and subsequently entered a stipulated judgment with Ms. Lyons for approximately half the outstanding penalty assessments. *See* ECF Nos. 1, 42. Thus, as the Government asserts, the only remaining possibility for recovering any of the outstanding obligations is by way of the Estate "if it is later found to own property." ECF No. 44 at 5. Declining to enter default judgment would in practical terms necessitate an appropriate motion for judgment on the pleadings or a motion for summary judgment. Given that the Estate did not file an answer or otherwise participate in its defense, the Court finds such alternatives would be wasteful.

Second, the Court is satisfied based on a review of the record that the Government's claims against the Estate are meritorious. *See Eitel*, 782 F.2d at 1471–72. The Complaint alleges Robert Lyons willfully failed to withhold required taxes in his role as president of R&B Distribution, Inc., resulting in the assessment of penalties totaling approximately $461,156, inclusive of interest as of October 16, 2017. *See* ECF No. 1 at 5–8. The Government submitted the sworn declaration of

Richard Ped, a Revenue Officer employed by the Internal Revenue Service, attesting to the validity of the assessments and providing supporting documentation. *See* ECF Nos. 45, 45-1 & 45-2. Considering this evidence and taking the well-pleaded facts in the Complaint as true, the Court concludes the Government's claims are substantively meritorious. Relatedly, the Court finds the Complaint is sufficient; it invokes the Government's right to relief under a federal statute, 26 U.S.C. § 6672, and sets forth the essential facts necessary to substantiate that claim. *See generally* ECF No. 1; *see also Eitel*, 782 F.2d at 1471–72.

Next, the Court considers the sum of money at stake in the action. *See Eitel*, 782 F.2d at 1471–72. Excepting the stipulated judgment entered against Bonnie Lyons, the Government seeks entry of judgment against the Estate for $263,651.60, exclusive of statutory interest accrued after October 8, 2019. ECF No. 44 at 8–9. This is a significant sum of money, which weighs in favor of resolving this matter on the merits. Nevertheless, in view of the remaining factors and the circumstances of this case, the Court finds this fact does not prevent entry of default judgment.

Next, the Court must consider whether there is a possibility of a dispute over the material facts in this matter. *See Eitel*, 782 F.2d at 1471–72. Considering the facts set out in the Complaint, the declaration of Richard Ped, and the supporting documentation submitted with that declaration, the Court finds a genuine dispute as to the validity or amount of the assessments against the Estate is unlikely. *See* ECF

Nos. 1, 45, 45-1 & 45-2.

The Court also considers the possibility that the Estate's default was due to excusable neglect. *See Eitel*, 782 F.2d at 1471–72. There is no excusable neglect where a defendant is "properly served with the complaint, the notice of entry of default, [and] the papers in support of the [default judgment] motion." *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal Nov. 2, 2001). Here, the taxpayer whose actions precipitated the penalty assessments at issue is deceased and, as the Government observes, the individual most likely to intervene in the Estate's defense is Bonnie Lyons, who has been aware of this action since early 2018, when she waived formal service. ECF No. 44 at 8; ECF No. 10. No one has appeared or litigated on behalf of the Estate, and the Court considers it unlikely that this is the result of excusable neglect.

Finally, the Court considers the strong preference, expressed in the Federal Rules of Civil Procedure, for resolution of claims on the merits. *See Eitel*, 782 F.2d at 1471–72; *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). Although this factor "almost always disfavors the entry of default judgment," it is not dispositive. *Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C009-1585JL R, 2011 WL 1584434, at *6 (W.D. Wash. Apr. 27, 2011). That strong preference notwithstanding, the Court finds this is an appropriate case for entry of default judgment. This matter has been pending since late 2017 and seeks to recover tax

obligations which appear well documented and not reasonably disputed. Because the Estate has, to this time, taken no steps toward mounting a defense against the suit, the Court finds entry of default judgment is the most appropriate, just, and efficient resolution to this matter. As the Government observes, entry of judgment against the Estate resolves all outstanding claims in this matter, and the case is now closed.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion for Default Judgment Against the Estate of Robert C. Lyons, ECF No. 44, is **GRANTED**.

2. The Clerk's office shall **ENTER JUDGMENT** in favor of the United States of America against the Estate of Robert C. Lyons, in the amount of $263,651.60 as of October 8, 2019, with statutory interest and additions continuing to accrue pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c) after October 8, 2019, for Trust Fund Recovery Penalty assessments for the tax periods ending 03/31/2005; 06/30/2005; 09/30/2005; 12/31/2005; 06/30/2006; and 09/30/2006.

//

//

//

//

3. All pending motions are **DENIED AS MOOT.**

4. All hearings and other deadlines are **STRICKEN.**

5. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and *pro se* Defendants.

**DATED** this 7th day of February 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge